United States District Court
Southern District of Texas

**ENTERED**

February 04, 2016

David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| MARK  DIZDAR, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 7:14-CV-402 |
| | § | |
| STATE FARM LLOYDS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

The Court now addresses the self-styled "Defendants' Opposed Motion to Lift Abatement for the Purpose of Filing a Motion for Summary Judgment,"[1] and the self-styled "Defendants' Motion for Summary Judgment"[2] filed by Defendant State Farm Lloyds ("State Farm") and Defendant Richard Lee Wallis ("Mr. Wallis") (collectively "Defendants"). Plaintiffs Mark Dizdar ("Mr. Dizdar"), Kelly Dizdar ("Mrs. Dizdar"), Dizdar Development, Ltd. ("D.D.L"), and Penta Valley Rentals, LLC ("P.V.R") (collectively "Plaintiffs") have timely responded to both the motion to lift abatement[3] and the motion for summary judgment.[4] After considering the motions, responses, record, and relevant authorities, the Court **GRANTS** the motion to lift abatement and **GRANTS** the Motion for Summary Judgment.

### I.  Background

Plaintiffs' claims arise from damage sustained to their property as a result of a March 29, 2012 storm event in the Rio Grande Valley.[5] Shortly after the storm, Mr. Dizdar reported an

---

[1] Dkt. No. 39 ("Motion to Lift Abatement").
[2] Dkt. No. 38 ("Motion for Summary Judgment").
[3] Dkt. No. 43 ("Response to Motion to Lift Abatement").
[4] Dkt. No. 42 ("Response").
[5] Dkt. No. 1, Exh. B at p. 6.

insurance claim to State Farm.[6] Thereafter, Mr. Wallis inspected the property on behalf of State Farm on June 23, 2012,[7] estimating the loss to the property at $1,096.76.[8] On the same day, June 23, 2012, Defendants issued to Plaintiffs a payment of $199.16, after applying depreciation and deductible.[9]

On July 19, 2012, State Farm received an estimate from Plaintiffs' contractor alleging that the damages to Plaintiffs' property totaled at least $24,000.[10] Shortly thereafter, Plaintiffs requested a re-inspection of the property by State Farm.[11] On August 18, 2012, Mr. Wallis re-inspected Plaintiffs' property on behalf of State Farm. Subsequent to the inspection, Defendants issued an additional payment of $49.79 for Plaintiffs' storm claim.[12] Finding that Plaintiffs' claim "[f]ile was complete," State Farm closed the claim shortly thereafter.[13] After payment was issued, State Farm had no discussions with Plaintiffs regarding "any concerns or complaints" about the adjustment of their claim until this suit was filed.[14]

On April 16, 2014, almost two years later, Plaintiffs filed the instant lawsuit in state court alleging various insurance related causes of action against Defendants.[15] Subsequently, on May 30, 2014, Defendants removed the case to this Court.[16] On February 13, 2015, Plaintiffs invoked the appraisal provision of the insurance policy at issue,[17] which provides in relevant part:

> If you and we fail to agree on the amount of loss, either one can, demand that the amount of the loss be set by appraisal. If either makes a written demand for appraisal, each shall select a competent, independent appraiser and notify the

---

[6] Dkt. No. 42, Exh. A at p. 1.
[7] *Id.* at p. 2.
[8] Response at ¶ 11.
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] *Id.*
[13] Dkt. No. 38, Exh. B at p. 5.
[14] Motion for Summary Judgment at ¶ 5.
[15] Dkt. No. 1, Exh. B at pp. 13-22.
[16] Dkt. No. 1.
[17] Dkt. No. 30, Exh. A at p. 1.

other of the appraiser's identity within 20 days of receipt of the written demand. The two appraisers shall then select a competent, impartial umpire. If the two appraisers are unable to agree upon an umpire within 15 days, you or we can ask a judge of a court of record in the state where the residence premises is located to select an umpire. The appraisers shall then set the amount of the loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon shall be the amount of the loss. If the appraisers fail to agree within a reasonable time, they shall submit their differences to the umpire. **Written agreement signed by any two of these three shall set the amount of the loss**.[18]

Thereafter, on April 1, 2015, Plaintiffs and State Farm filed an agreed motion to abate the case pending completion of the appraisal process.[19] On April 7, 2015, the Court granted the motion and abated the case.[20]

On November 25, 2015, Defendants filed the instant motion for summary judgment and advised the Court that: (1) an appraisal award had been issued setting the amount of loss at $1,682.98 for replacement cost basis, and $1,584.06 for actual cash value basis; (2) that the award was signed by each parties' appraiser; and (3) that one day after receiving the award, State Farm tendered payment of the award to Plaintiffs in the amount of $590.03 (the award less the deductible and the prior payment) on August 26, 2015.[21] The Court now addresses the merits of the instant motions.

## II. Legal Standard

Under Federal Rule of Civil Procedure 56, summary judgment is proper when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

---

[18] Dkt. No. 38, Exh. A at p. 20.

[19] Dkt. No. 30.

[20] Dkt. No. 31.

[21] *See* Motion for Summary Judgment at ¶ 6; Motion to Lift Abatement at ¶ 1; Response at ¶ 4 (The Court notes that Defendants' Motion for Summary Judgment lists incorrect dates of August 25, 2012 as the date State Farm received the appraisal award, and August 26, 2012 as the date it tendered payment to Plaintiffs. Defendants clarified these dates in their Motion to Lift Abatement as August 25, 2015 as the date State Farm received the appraisal award, and August 26, 2015 as the date it tendered payment to Plaintiffs. This is corroborated by Plaintiffs in their response to the motion for summary judgment, and in the parties' "Joint Status Report" filed with the Court on October 9, 2015.).

law."[22]   A fact is "material" if its resolution could affect the outcome of the action,[23] while a "genuine" dispute is present "only if a reasonable jury could return a verdict for the non-movant."[24]   As a result, "[o]nly disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment."[25]

In a motion for summary judgment, the movant bears the initial burden of showing the absence of a genuine issue of material fact.[26]   In this showing, "bald assertions of ultimate fact" are insufficient.[27]   Absent a sufficient showing, summary judgment is not warranted, the analysis is ended, and the non-movant need not defend the motion.[28]   On the other hand, the movant is freed from this initial burden on matters for which the non-movant would bear the burden of proof at trial; in that event, the movant's burden is reduced to merely pointing to the absence of evidence.[29]   If the movant meets its initial burden, the non-movant must then demonstrate the existence of a genuine issue of material fact.[30]   This demonstration must specifically indicate facts and their significance,[31] and cannot consist solely of "conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation."[32]

In conducting its analysis, the Court considers evidence from the entire record and views that evidence in the light most favorable to the non-movant.[33]   Thus, although the Court refrains from determinations of credibility and evidentiary weight, the Court nonetheless gives credence

---

[22] FED. R. CIV. P. 56(a).
[23] *Burrell v. Dr. Pepper/Seven UP Bottling Grp., Inc*., 482 F.3d 408, 411 (5th Cir. 2007) (internal quotation marks and citation omitted).
[24] *Fordoche, Inc. v. Texaco, Inc*., 463 F.3d 388, 392 (5th Cir. 2006) (citation omitted).
[25] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[26] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
[27] *Gossett v. Du-Ra-Kel Corp*., 569 F.2d 869, 872 (5th Cir. 1978) (citation omitted).
[28] *See Celotex Corp*., 477 U.S. at 323.
[29] *See id*. at 323-25; *see also Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718-19 (5th Cir. 1995).
[30] *See id.*
[31] *See Ragas v. Tenn. Gas Pipeline Co*., 136 F.3d 455, 458 (5th Cir. 1998).
[32] *U.S. ex rel. Farmer v. City of Houston*, 523 F.3d 333, 337 (5th Cir. 2008) (citing *TIG Ins. Co. v. Sedgwick James of Wash*., 276 F.3d 754, 759 (5th Cir. 2002)).
[33] *See Moore v. Willis Indep. Sch. Dist*., 233 F.3d 871, 874 (5th Cir. 2000) (citations omitted).

to all evidence favoring the non-movant; on the other hand, regarding evidence that favors the movant, the Court gives credence to evidence that is uncontradicted and unimpeachable, but disregards evidence the jury is not required to believe.[34]  Rather than combing through the record on its own, the Court looks to the motion for summary judgment and response to present the evidence for consideration.[35]  Parties may cite to any part of the record, or bring evidence in the motion and response.[36]  By either method, parties need not proffer evidence in a form admissible at trial,[37] but must proffer evidence substantively admissible at trial.[38]

### III. Discussion

#### A.  Motion to Lift Abatement

As an initial matter, Defendants request the Court lift the abatement in order to allow the Court to consider Defendants' motion for summary judgment.[39]  In turn, Plaintiffs allege that the motion for summary judgment is premature, asserting that insufficient discovery has been completed to allow Plaintiffs to properly respond to the motion for summary judgment.[40]  Additionally, Plaintiffs argue that while they "do not oppose a lifting of the abatement to allow the parties to . . . proceed with discovery[,] Plaintiffs do oppose . . . lift[ing] the abatement for the sole purpose of allowing Defendants to prematurely file [a motion for summary judgment] . . . ."[41]  Thus, Plaintiffs request the Court deny Defendants' motion to lift abatement "for the

---

[34] See id.
[35] See FED.R.CIV. P. 56(e).
[36] See FED. R. CIV. P. 56(c).
[37] See Celotex Corp., 477 U.S. at 324 ("We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment.").
[38] See Bellard v. Gautreaux, 675 F.3d 454, 460 (5th Cir. 2012) ("the evidence proffered by the plaintiff to satisfy his burden of proof must be competent and admissible at trial.").
[39] Motion to Lift Abatement at ¶¶ 2-4.
[40] Response to Motion to Lift Abatement at ¶ 6.
[41] Id. at ¶ 7.

Purpose of Filing a Motion for Summary Judgment and, instead, order the abatement in this case lifted for the purpose of allowing the parties to proceed with conducting discovery in this case."[42]

Rule 56(d) provides courts with discretion to defer ruling on a motion for summary judgment or to allow a nonmoving party additional time to obtain further discovery.[43] In order to obtain such relief, however, the nonmovant must show "by affidavit or declaration that, *for specified reasons*, it cannot present facts essential to justify its opposition."[44] In this manner, the nonmovant must set forth "how additional discovery will create a genuine issue of material fact."[45] Relief under Rule 56(d) is not warranted if either (1) the proffered basis does not present a reasonable likelihood that further discovery would produce evidence creating a fact issue,[46] or (2) such evidence would not create fact issues for each essential element of the nonmovant's claim.[47]

Here, Plaintiffs assert that they have not had "a reasonable opportunity to conduct discovery and secure material testimony from Defendants and/or Defendants' facts witnesses" and that "such discovery and testimony is essential to Plaintiffs' ability to fully state their opposition to Defendants' summary judgment motion."[48] Nevertheless, the Court finds that Plaintiffs have failed to identify any additional discovery likely to create a fact issue as to each essential element.

---

[42] *Id.* at ¶ 9.

[43] FED. R. CIV. P. 56(d).

[44] *Id.* (emphasis added).

[45] *Canady v. Bossier Parish Sch. Bd.*, 240 F.3d 437, 448 (5th Cir. 2001) (citing Leatherman v. Tarrant Cnty. Narcotics Intelligence and Coordination Unit, 28 F.3d 1388, 1395 (5th Cir. 1994)).

[46] *Beverly v. Wal-Mart Stores, Inc.*, 428 F.App'x 449, 451 (5th Cir. 2011) ("If it reasonably appears that further discovery would not produce evidence creating a genuine issue of material fact, the district court's preclusion of further discovery prior to entering summary judgment is not an abuse of discretion.") (quoting *Resolution Trust Corp. v. Sharif–Munir–Davidson Dev. Corp.*, 992 F.2d 1398, 1401 (5th Cir. 1993)).

[47] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) ("[A] complete failure of proof concerning an essential element of the nonmoving party's cause necessarily renders all other facts immaterial.")

[48] Response to Motion to Lift Abatement at ¶ 11.

As Plaintiffs recognize, an appraisal award has already determined the amount of loss in this case.[49] Thus, the Court will discuss the implications of the appraisal award on the breach of contract claim and extra-contractual claims below. In doing so, the Court will specifically address the ineffectiveness of the asserted evidence in creating a fact issue preventing summary judgment. On the basis of the standard discussed above, and the reasons more fully set forth below, the Court **GRANTS** Defendants' motion to lift abatement for the purpose of filing a motion for summary judgment. Furthermore, the Court recognizes Defendants' motion for summary judgment, as well as Plaintiffs' response, as timely filed.

### B. Breach of Contract Claim

Defendants' argument in favor of summary judgment proceeds sequentially to address the claim for breach of contract before the extra-contractual claims, a rubric which the Court finds helpful for the analysis.

Defendants argue that Plaintiffs are estopped for maintaining a breach of contract claim as a matter of law based on its timely payment of the appraisal award.[50] Because federal jurisdiction is invoked on the basis of diversity of citizenship,[51] this Court, *Erie*-bound, must adhere to grounds of relief authorized by the state law of Texas.[52] Absent a decision by a state's highest tribunal, the decisions by Texas courts of appeals are controlling "unless [the Court] is convinced by other persuasive data that the highest court of the state would decide otherwise."[53]

Indeed, in Texas, "[t]he effect of an appraisal provision is to estop one party from contesting the issue of damages in a suit on the insurance contract, leaving only the question of

---

[49] *See* Response at ¶ 6; ("[T]he appraisal process determined that the amount of Plaintiffs' loss was $1,682.98.").
[50] *See* Motion for Summary Judgment at ¶¶ 7-8.
[51] Dkt. No. 1 at ¶ 9.
[52] *See Exxon Co. U.S.A, Div. of Exxon Corp. v. Banque De Paris Et Des Pays-Bas*, 889 F.2d 674, 675 (5th Cir. 1989); *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).
[53] *Id.* (quoting *West v. AT&T*, 311 U.S. 223, 237 (1940)) (internal quotation marks omitted).

liability for the court."[54]   In breach of contract cases where liability derives from an allegation that the insurer wrongfully underpaid a claim, Texas law dictates that the insured is estopped from maintaining a breach of contract claim when the insurer makes a proper payment pursuant to the appraisal clause.[55]   Accordingly, in the instant case, Plaintiffs are effectively foreclosed from bringing a breach of contract claim due to Defendants' timely payment at each step of the claim process, unless Plaintiffs successfully raise an issue of fact on some distinct contractual provision or as to the validity of the appraisal process.[56]   Here, Plaintiffs do not cite to any contractual provision they claim was breached. Indeed, it is undisputed that State Farm timely responded to, and paid, the initial claim; and that State Farm timely responded to, and paid, the claim for supplemental damages. Furthermore, State Farm was given no notice whatsoever of any dissatisfaction with the claim handling process until suit was filed.

Nevertheless, Plaintiffs contend that other actions committed by State Farm supports a breach of contract claim. Favorably interpreting the allegations in their response, Plaintiffs assert that the appraisal award "shows" State Farm is breaching the policy in two ways: (1) by failing "to properly estimate the amount of . . . damages[,]" and (2) by denying "coverage when such coverage clearly should have been extended."[57] Regarding the alleged wrongful denial of coverage, Plaintiffs argue State Farm is in breach of contract for failing to include "damages to [Plaintiffs'] fence"[58] in its initial estimate.

Regarding Plaintiffs' first argument that the appraisal award shows State Farm breached the contract by failing to properly estimate the amount of damages, the Court notes that contrary

---

[54] *Franco v. Slavonic Mut. Fire Ins. Ass'n*, 154 S.W.3d 777, 786 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (citing *Wells v. American States Preferred Ins. Co.,* 919 S.W.2d 679, 683-85 (Tex. App.—Dallas 1996, writ denied)).
[55] *See Blum's Furniture Co. v. Certain Underwriters at Lloyds London*, 459 F. App'x 366, 368 (5th Cir. 2012) (internal quotation marks and citation omitted).
[56] *See Franco*, 154 S.W.3d at 786-87.
[57] *See* Response at ¶ 15.
[58] *Id.*

to Plaintiffs' assertions, Texas law clearly holds the discrepancy between the initial estimate and the appraisal award cannot be used as evidence of breach of contract.  In *Breshears v. State Farm Lloyds*, the court held:

> [Plaintiffs] may not use the fact that the appraisal award was different than the amount originally paid as evidence of breach of contract, especially when the contract they claim is being breached provides for resolution of disputes through appraisal.[59]

Here, the language of the appraisal clause, as in *Breshears*, describes disagreement as to the amount of loss as a condition precedent to the appraisal process,[60] rendering the asserted discrepancy an immaterial fact issue for a breach of contract claim.

Moreover, the Court finds Plaintiffs' second argument that State Farm breached the contract by wrongfully denying coverage to Plaintiffs' fence unpersuasive. Plaintiffs are essentially arguing the exact same thing twice, albeit with different wording. In essence, Plaintiffs appear to be alleging that: (1) State Farm breached the contract by failing to properly estimate the amount of damages as evidenced by the disparity in the appraisal award; and (2) State Farm breached the contract by failing to properly estimate the amount of damages as evidenced in the appraisal award *because it did not include Plaintiffs' fence in the initial estimate*.

 Simply put, in both scenarios, Plaintiffs describe the breach of contract claim as based on Defendants' initial assessment not matching the appraisal award, *i.e.* the fact pattern considered in *Breshears*. Therefore, even if Plaintiffs' factual assertions are correct, they have failed to raise a genuine issue of material fact as to the validity of the appraisal award. As a result, the Court finds that the existence, timely payment, and acceptance of the binding and enforceable appraisal

---

[59] *Breshears v. State Farm Lloyds*, 155 S.W.3d 340, 343 (Tex. App.—Corpus Christi 2004, pet. denied).
[60] Dkt. No. 38, Exh. A at p. 20.

Case 7:14-cv-00402   Document 44   Filed in TXSD on 02/04/16   Page 10 of 13

award estops Plaintiffs from asserting their breach of contract claim, and that summary judgment as to this claim is appropriate.

### C. *Extra-Contractual Claims*

Plaintiffs' original petition alleges extra-contractual claims against State Farm for (1) committing violations of Chapters 541 and 542 of the Texas Insurance Code; (2) engaging in fraud and conspiracy to commit fraud; and (3) breaching the common law duty of good faith and dealing.[61] Additionally, Plaintiffs allege extra-contractual claims against Mr. Wallis for committing violations of Chapters 541 of the Texas Insurance Code and engaging in fraud and conspiracy to commit fraud.[62] The Court commences its analysis of these claims by recognizing the principle that "in most circumstances, an insured may not prevail on a bad faith claim without first showing that the insurer breached the contract."[63] The exceptions to this rule are the insurer's (1) failure to timely investigate the insured's claim or (2) commission of "some act, so extreme, that would cause injury independent of the policy claim."[64]

Defendants argue Plaintiffs cannot maintain any extra-contractual causes of action because State Farm timely investigated Plaintiffs' claim and tendered the appraisal award within one day of receiving it.[65] Moreover, Defendants contend that Plaintiffs cannot succeed on their extra-contractual claims because each cause of action is derivatively precluded by the appraisal and resultant estoppel on their breach of contract claim.[66] Lastly, Defendants argue Plaintiffs fail to allege facts that would give rise to an independent injury claim.[67]

---

[61] Dkt. No. 1, Exh. B at pp. 13-22.
[62] *Id.* at pp. 13-19.
[63] *Liberty Nat. Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 629 (Tex. 1996) (citing *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex. 1995); *Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10, 17 (Tex. 1994)).
[64] *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex. 1995).
[65] Motion for Summary Judgment at ¶11.
[66] *Id.* at ¶9.
[67] *Id.*

10 / 13

i.  *Bad Faith Claims*

In Texas, the common-law bad faith standard for breach of the duty of good faith and fair dealing is imputed to statutory liability under the Texas Insurance Code; both extra-contractual claims share the same predicate for recovery, such that evidentiary insufficiency is equally dispositive.[68]  Relevant to the disposition of this case, the Texas Supreme Court has held that an insured's bad faith claims must fail as a result of the Court's resolution of the breach of contract claim in the insurer's favor, unless the insured can demonstrate actions or omissions that caused an injury independent of those that would have resulted from the wrongful denial of the policy benefits.[69]

To the extent Plaintiffs even sufficiently alleged extra-contractual claims in their original petition, the bad-faith causes of action relate solely to Defendants' investigation and handling of Plaintiffs' policy claim.[70]  Plaintiffs do not dispute that these claims extend beyond the coverage dispute.  Thus, far from providing evidence creating a genuine issue of material fact on these claims, Plaintiffs have failed to even allege an action which would constitute an independent injury.  Accordingly, the Court **GRANTS** summary judgment in Defendants' favor on Plaintiffs' common-law and statutory claims of bad faith.[71]

---

[68] *See Emmert v. Progressive Cnty. Mut. Ins. Co.*, 882 S.W.2d 32, 36 (Tex. App.—Tyler 1994, writ denied); *Texas Mut. Ins. Co. v. Sara Care Child Care Ctr., Inc.*, 324 S.W.3d 305, 317 (Tex. App.—El Paso 2010, review denied) (citing *Progressive County Mut. Ins. Co. v. Boyd*, 177 S.W.3d 919, 922–23 (Tex. 2005) (per curiam)).
[69] *Great Am. Ins. Co. v. AFS/IBEX Fin. Services, Inc.*, 612 F.3d 800, 808 n.1 (5th Cir. 2010) (internal citation omitted).
[70] *See* Dkt. No. 1, Exh. B at pp. 13-22.
[71] The Court notes that Plaintiffs' response to Defendants motion for summary judgment, as well as their response to Defendants' motion to lift abatement, referred to the Court's holding in *Cavazos v. State Farm Lloyds,* 2015 U.S. Dist. LEXIS 163287, (S.D. Tex. Dec. 4, 2015), as a basis for denying the Defendants' motions. In *Cavazos*, this Court denied the defendants' motion for summary judgment on the plaintiffs' breach of contract claim in part because it found the plaintiffs' evidence had created a genuine issue of material fact. Furthermore, the Court pointed out in *Cavazos* that denial of the defendants' motion for summary judgment on the plaintiffs' extra-contractual claims was proper because it found a fact issue on the breach of contract claim. However, in the instant case, Plaintiffs have failed to present a genuine issue of material fact on the breach of contract claim. Additionally, in *Cavazos*, the defendant insurance company closed the plaintiffs' claim file despite the plaintiffs' protestation that they were not satisfied and would seek an attorney. Here, a review of the record indicates that the first time

### ii. Prompt Payment of Claims

Similarly, Plaintiffs brought a claim under Chapter 542 of the Texas Insurance Code against State Farm for its alleged failure to timely pay Plaintiffs' claims.[72] In Texas, courts have constantly held that "full and timely payment of an appraisal award under the policy precludes an award of penalties under the Insurance Code's prompt payment provisions as a matter of law."[73] Here, it is undisputed that State Farm tendered payment pursuant to the appraisal clause, merely one day after State Farm received the award signed by the appraiser for each party.[74]

Additionally, as noted earlier, the record reflects that State Farm promptly responded to, and paid Plaintiffs' initial claim. When Plaintiffs requested a re-inspection of the property, State Farm once again timely responded and paid the supplemental damages claim. Moreover, State Farm received no notice of Plaintiffs' displeasure with Defendants' management of the claim until the lawsuit was filed. Thus, because Plaintiffs have failed to allege an action which would constitute a violation independent of the now-resolved payment dispute, the Court **GRANTS** summary judgment in State Farms' favor on this claim as well.

### iii. Fraud & Conspiracy

Lastly, Defendants pray that the Court dismiss all the remaining claims as a matter of law, as they are derivative of Plaintiffs' defunct breach of contract claim.[75] To the extent these allegations even properly state a claim, Defendants have sufficiently showed the absence of a genuine issue of material fact by proffering evidence of proper completion of the appraisal process and tendering of payment. In contrast, Plaintiffs have failed to offer evidence to the

---

Defendant became aware Plaintiffs were not satisfied was when Plaintiff filed suit, nearly two years after Plaintiffs received payment for their claim. Thus, the facts in *Cavazos* and the instant case are distinguishable.
[72] Dkt. No. 1, Exh. B at p. 21.
[73] *In re Slavonic Mut. Fire Ins. Ass'n*, 308 S.W.3d 556, 563 (Tex. App.—Houston [14th Dist.] 2010, no pet. h.) (collecting cases), *overruled on other grounds*, *In re Cypress Texas Lloyds*, No. 14-11-00713-CV, 2011 WL 4366984, at *1 (Tex. App.—Houston [14th Dist.] Sept. 20, 2011, no pet. h.) (mem. op.).
[74] *See* Dkt. No. 38, Exh. B at p. 3; Response at ¶ 4.
[75] Motion for Summary Judgment at ¶ 13.

contrary.   As a result, the Court **GRANTS** summary judgment in favor of Defendants as to Plaintiffs' fraud and conspiracy claims.

## IV. Holding

Due to State Farms' compliance with the appraisal provision, Plaintiffs are estopped from asserting a breach of contract claim as a matter of law.   Plaintiffs' extra-contractual claims for breach of the duty of good faith and fair dealing, as well as statutory violations of the Texas Insurance Code, do not survive absent the breach of contract claim.   Similarly, Plaintiffs' fraud and conspiracy claims are factually and legally unsupported.   Accordingly, the Court finds summary judgment as to all claims is warranted.   In turn, Defendants' motion is hereby **GRANTED** and Plaintiffs' claims are **DISMISSED WITH PREJUDICE**.   A final judgment will issue separately.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 4th day of February, 2016.

_____
Micaela Alvarez
United States District Judge